UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARTIN HURTADO, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM HYATTE, KANDANCE KAY LEWIS, ROBERT E. CARTER, HOLLIS, FRANK VANDIHAL, <br><br> Defendants. | CAUSE NO. 3:20-CV-778-JD-MGG |

OPINION AND ORDER

Martin Hurtado, a prisoner without a lawyer, filed a three count amended complaint against five Indiana Department of Correction employees. ECF 29. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Count One, Hurtado alleges his Sixth and Fourteenth Amendment rights to effectively litigate his post-conviction relief petitions without a lawyer were violated when 37 of his CD's/DVD's were stolen by Miami Correctional Facility staff. ECF 28 at 16. The amended complaint does not identify who stole them. It does not allege any of

the five named defendants stole them. Rather, he alleges they did not follow prison policies for handling offender property. It is unclear what he believes any of the five named defendants did or did not do which violated prison policies. Nevertheless, violations of prison policies are not a basis for a claim under 42 U.S.C. § 1983. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or . . . departmental regulations"); *Wozniak v. Adesida*, 932 F.3d 1008, 1011 (7th Cir. 2019) ("[A] constitutional suit is not a way to enforce state law through the back door.").

Hurtado alleges the discs contained information related to his State criminal proceedings and were sent to him by his State criminal defense attorney after he was convicted. Hurtado says he needed the discs for his post-conviction relief proceedings where he was representing himself without a lawyer. The explicit language of the Sixth Amendment applies to "criminal prosecutions" – it does not apply to post-conviction relief proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Therefore, Count One does not state a claim against anyone for a Sixth Amendment violation.

The Fourteenth Amendment provides that State officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." But, a State tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a

2

suitable post deprivation remedy."). Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees. Those State laws provide an adequate post deprivation remedy to redress State officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Here, Hurtado acknowledges replacement copies of the discs are available from the State trial court. Therefore, the alleged theft of his property does not state a claim against anyone for a Fourteenth Amendment violation.

In Count Two, Hurtado alleges the prison's policies and procedures related to inmate property are unconstitutionally vague. ECF 29 at 17. As previously noted, violations of prison policies do not state a claim. *See Scott* and *Wozniak, supra.* He also alleges the staff were not properly trained. However, "in the Eighth Amendment context, such [failure to train] claims may only be maintained against a municipality." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) *citing Farmer v. Brennan*, 511 U.S. 825, 841 (1994). Here, the defendants are employees of the Indiana Department of Correction and none are a municipality in either their individual or official capacities. Moreover, given that Hurtado alleges an unknown employee stole his discs, there is no plausible relationship between his loss and the prison policy or training since theft is

3

universally understood to be wrong. Therefore, Count Two does not state a claim against anyone.

In Count Three, Hurtado alleges "[t]he trial court was bias and caused much harm by abusing its discretion as follows . . .." ECF 29 at 19. In this count, he asks "this court for a notice of appeal and to relocate [him] into a new county with a different judge." *Id*. at 20. Nothing in this count alleges any of the defendants violated his constitutional rights. To the extent Hurtado is attempting to challenge his convictions, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . .." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). Therefore, Count Three does not state a claim against anyone.

At the beginning of the complaint, Hurtado spends a great deal of time discussing his efforts to file grievances. It is unclear how any of the defendants were involved with his grievances, but it is clear "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of . . . grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[P]rison officials who reject prisoners' grievances do not become liable just because they fail to ensure adequate remedies." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017). Therefore, the complaint does not state a claim against anyone based on the processing of his grievances.

4

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is **DISMISSED** under 28 U.S.C. § 1915A.

SO ORDERED on September 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT